```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
MALIKA GRAVES,                                              :
                                    Plaintiff,              :
                                                            :         12 Civ. 3816 (LGS)
            -against-                                       :
                                                            :
HOME DEPOT U.S.A., INC.,                                    :
                                    Defendant.              :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/10/13

## Memorandum and Order

Plaintiff Malika Graves brought this personal injury action in the Supreme Court of the State of New York, Bronx County. Defendant Home Depot U.S.A., Inc. ("Home Depot") removed the case to this Court. (Dkt. No. 1.) During discovery, Home Depot disclosed to Plaintiff that the area where Plaintiff claimed to have fallen was owned and operated by Kurt Weiss Florist, Inc. ("Kurt Weiss"), a New York domiciliary whose joinder would destroy diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff moved to amend her complaint in order to join Kurt Weiss. Magistrate Judge Deborah Freeman, to whom this matter is referred, granted the motion to amend the complaint. (Dkt. No. 15.) Based on that opinion, Magistrate Judge Freeman issued a Report and Recommendation (the "Report") that recommended this Court remand the case to the Supreme Court of the State of New York, Bronx County. (Dkt. No. 16.) For the reasons set forth below, the Court adopts Magistrate Judge Freeman's Report in its entirety.

**I. Standard of Review**

A court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within a magistrate's report. 28 U.S.C. § 636(b)(1)(C). When there are objections to the report, the court must make a *de novo* determination of those portions of the report to which objections are made. *Id.*; *see also U. S. v. Raddatz*, 447 U.S. 667, 674 (1980). When no objections to a report are made, the court may adopt the report if there is no clear error on the face of the record. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) (citations omitted).

To invoke *de novo* review of the magistrate judge's recommendations, the objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (citations and quotation marks omitted). *De novo* review of a magistrate's report does not require the Court to conduct a *de novo* hearing on the underlying issues. *Raddatz*, 447 U.S. at 676. Rather, Congress intended "to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *Id.*

**II. Objections**

Defendant Home Depot filed no objections to the Report. Plaintiff objects to the Report only to the extent that Magistrate Judge Freeman did not address the request for costs pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 17) (filed in error but accepted for purposes of this analysis).

**III. Analysis**

As no objection to the sections of the Report recommending remand has been made, the Court reviews for clear error. The Court has reviewed the portions of Magistrate Judge

2

Freeman's thorough and well-reasoned Report to which no objections were made and finds no clear error on the face of the record.

The Court addresses Plaintiff's objection regarding fees and costs *de novo*. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Absent "unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132 (2005); *see also Calabro v. Aniqa Halal Live Poultry Corp.,* 650 F.3d 163, 166 (2d Cir. 2011). When Defendant removed the case, it had an objectively reasonable basis for removal as the only named Defendant was Home Depot. There is no basis for an award of fees or costs.

## IV. Conclusion

The Court adopts Magistrate Judge Freeman's Report, and REMANDS the case to the Supreme Court of the State of New York, Bronx County. Plaintiff's request for costs is DENIED.

SO ORDERED.

Dated: New York, New York
       June 10, 2013

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE